1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Regina Y. Yeh (SBN 266019)
4  regina@donigerlawfirm.com
5  DONIGER / BURROUGHS APC
   300 Corporate Pointe, Suite 355
6  Culver City, California 90230
7  Telephone: (310) 590-1820
   Facsimile: (310) 417-3538
8
9  Attorneys for Plaintiff
   Edward Pincomb
10

FILED 2012 MAY -3 PM 2:41 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA

13  EDWARD PINCOMB, an individual      Case No.: CV12-3849 JHN(SHx)
14
    Plaintiff,                         PLAINTIFF'S COMPLAINT FOR:
15
                                       1. COPYRIGHT INFRINGEMENT;
16  v.
                                       2. VICARIOUS AND/OR
17  DELTA APPAREL, INC., a Georgia        CONTRIBUTORY COPYRIGHT
18  Corporation, individually, and doing  INFRINGEMENT; AND
    business as "JUNKFOOD CLOTHING
19  COMPANY"; and DOES 1-10,           Jury Trial Demanded
20
    Defendants.
21
22
23      Plaintiff Edward Pincomb (hereinafter "Plaintiff"), by and through its
24  undersigned attorneys, hereby prays to this honorable Court for relief based on the
25  following:
26  //
27
28                                    - 1 -
                                    COMPLAINT

## INTRODUCTION

Plaintiff is an artist and graphic designer based in Chicago, Illinois. Plaintiff's artworks have been used for exhibition and to embellish apparel. Prior to the acts of infringement alleged herein Plaintiff created an original work of art, which he entitled "Dark Side" (the "Subject Artwork"). Plaintiff exhibited the Subject Artwork and licensed it for use on product.

Delta Apparel, Inc., individually and doing business as Junkfood Clothing Company (collectively "Junkfood"), while apparently impressed with Plaintiff's artwork, did not purchase nor license the artwork from Plaintiff. Instead, Junkfood, had a slightly modified version of Plaintiff's artwork knocked off and offered it for sale as its own design.

Plaintiff's investigation revealed that Junkfood manufactured, marketed and sold apparel bearing the infringing design on-line, including through its web-store.

Junkfood's conduct as alleged above is especially damaging to Plaintiff because it has resulted in one of Plaintiff's exclusive, proprietary, under license artworks being offered without its consent. This infringement both diminishes Plaintiff's claim as the exclusive purveyor of its artwork and also the value of the pre-existing license. In addition, Junkfood has enjoyed a boost to its website and clothing label by marketing and selling the Plaintiff's artwork knock-off as an original design offered under its own label.

This action is brought to address the above misconduct.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b), and ancillary jurisdiction, to the extent necessary, over the remaining claims.

COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is an individual with its residence and place of business in Chicago Illinois.

5. Plaintiff is informed and believes and thereon alleges that Defendant DELTA APPAREL, INC., is a corporation organized and existing under the laws of the State of Georgia, and doing business in and with the state of California, and does business both individually and as JUNKFOOD CLOTHING COMPANY (collectively "JUNKFOOD").

6. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of product to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying materials and other product exploiting Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to

amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL ALLEGATIONS

9. Plaintiff has applied for a United States Copyright Registration for an original two dimensional artwork design it owns and has internally designated as "Dark Side." This artwork was exhibited and/or published prior to the acts complained of herein, and is owned exclusively by the Plaintiff.

10. Plaintiff is informed and believes that Defendants, and each of them, took access to and received a sample of Subject Artwork directly from Plaintiff, or one of its representatives, or a third party, prior to the acts alleged herein.

11. Plaintiff's investigation revealed that Junkfood was distributing and selling for profit, products possessing a design that was at least substantially similar to Subject Artwork (hereinafter "Accused Product").

12. Junkfood was selling Accused Product to the public under one of its private and proprietary brand names and/or labels.

13. A comparison of Subject Artwork (left) and Accused Product (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are virtually identical:

- 4 -

SUBJECT ARWORK     ACCUSED PRODUCT

 

14. Prior to the alleged infringement, Plaintiff had developed Subject Artwork for use in commerce and negotiated deal(s) related to the Subject Artwork.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed product that is identical to, or substantially similar to, Subject Artwork.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, continue to market, sale, manufacture, caused to be manufactured, import and/or distribute that is an unlawful derivation of Subject Artwork.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

17. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Artwork, including, without limitation, through (a) access to parties with which Plaintiff has contracted, licensed, or

COMPLAINT

otherwise provided the Subject Artwork; (b) access to illegally distributed copies of the Subject Artwork by third-party vendors and/or DOE Defendants; (c) access to legitimate products bearing Subject Artwork throughout in the marketplace; and (d) access to the Subject Artwork through the internet.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures product and/or is a product vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) in an on-line retailer, and has ongoing distribution relationships with other retailers, and supplied product to said retailers, which product infringed the Subject Artwork in that said product was composed of material that featured an unauthorized design that was identical or substantially similar to one or more of the Subject Artwork.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Artwork and by producing, distributing and/or selling product that infringes the Subject Artwork through a nationwide network of retail stores and on-line outlets.

21. Plaintiff is further informed and believes, and thereon alleges, that Defendants, and each of them, created unlawful derivative works that were based on the Subject Artwork, and sold said works in commerce.

22. The above-stated acts by Defendants, and each of them, violated Plaintiff's exclusive right to create derivative works from Subject Artwork, and its exclusive right to distribute, license and sell product bearing the Subject Artwork.

23. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that the infringement of the Subject Designs by Defendants, and each of them, was willful, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder, and as such, Defendants, and each, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

27. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Accused Product as alleged hereinabove.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

30. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Artwork, in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that the infringement of the Subject Artwork by Defendants, and each of them, was willful, reckless, and/or in blatant disregard for Plaintiff's rights as the rightful creator and copyright holder, and as such, Defendants, and each, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment as follows:

### Against All Defendants

1. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Artwork;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants

- 8 -

COMPLAINT

through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. Plaintiff be awarded its actual damages, including without limitation lost profits and loss of market value for the Subject Designs;

d. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

e. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action;

i. That Plaintiff be awarded general and special damages; and

j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: May 2, 2012     By: _____
Scott A. Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Edward Pincomb

COMPLAINT

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

EDWARD PINCOMB, an individual,

PLAINTIFF(S)

v.

DELTA APPAREL, INC., a Georgia Corporation, individually, and doing business as "JUNKFOOD CLOTHING COMPANY", and DOES 1-10

DEFENDANT(S).

CASE NUMBER

CV12-3849 JHN (SHx)

**SUMMONS**

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Scott A. Burroughs, Esq._____, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY - 3 2012__

By: _____SHEA BOURGEOIS_____
Deputy Clerk

(SEAL)

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                               **SUMMONS**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
EDWARD PINCOMB, an individual,

**DEFENDANTS**
DELTA APPAREL, INC., a Georgia Corporation, individually, and doing business as "JUNKFOOD CLOTHING COMPANY"; and DOES 1-10,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephen M. Doniger (SBN 179314)   300 Corporate Pointe, Suite 355
Scott A. Burroughs (SBN 235718)   Culver City, California 90230
DONIGER/BURROUGHS, APC   Tel: (310) 590-1820; Fax: (310) 417-3538

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. - Action for misappropriation of Plaintiff's two-dimensional artwork used in the textile industry.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-3849

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | EDWARD PINCOMB - Illinois |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | DELTA APPAREL, INC., a Georgia Corporation, individually, and doing business as "JUNKFOOD CLOTHING COMPANY" - Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 5/2/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

```
CV12- 3849 JHN (SHx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY